SAMUEL HENRY BROWN *v.* STATE OF INDIANA.

[No. 872S109. Filed September 17, 1973.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *John R. Gerbracht,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of post-conviction relief. Defendant (Appellant) had been convicted of murder in the second degree in 1968 and sentenced to life imprisonment under the statute then in effect (Acts of 1905, ch. 1969, § 350, 1956 Repl. Burns Ind. Ann. Stat. § 10-3404), which was as follows:

> "Whoever, purposely and maliciously, but without pre-meditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life."

The penalty then prescribed for murder in the first degree was death or life imprisonment. We disregard the provision for the death penalty, however, in view of *Furman* v. *Georgia* (1972), 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 and *Adams* v. *State* (1972), 259 Ind. 164, 284 N. E. 2d 757.

It is the defendant's contention that inasmuch as murder in the second degree is a lesser included offense of murder in the first degree, the penalty for the former must be *less* than for the latter and that to hold otherwise violates Article I, Section 16 of the Constitution of Indiana and Amendment VIII of the Constitution of the United States, providing that all penalties shall be proportioned to the nature of the offense.

To support his position, Defendant relies upon the following quotation from *Heathe* v. *State* (1971), 257 Ind. 345, 274 N. E. 2d 697:

"* * * The constitutional mandate that 'all penalties shall be proportioned to the nature of the offense' requires that the maximum for a lesser offense be *less* than the maximum for a higher offense." (Emphasis ours)

However, such is not the rule of that case. Heathe had been convicted of the offense of entering to commit a felony, a lesser included offense of second degree burglary. He had been sentenced to imprisonment for a period of from one to ten years, the penalty provided by statute for entering to commit a felony. We remanded the case with instructions to modify the sentence by reducing the maximum to five years, which is the same as, not less than, the maximum provided for the greater offense.

The constitutionality of sentences for lesser included offenses was first passed upon in this state in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815. In that case we held the following:

"* * * We do hold, however, that the legislature may not, consistent with the commands of the State and Federal Constitutions, *provide a punishment for a lesser included offense which is greater in years on the face of the statute than the greater offense.*" (Emphasis ours) 251 Ind. 250 at 253.

The rule in *Dembowski* has been followed in the following cases in addition to *Heathe, supra: Willoughby* v. *Phend* (D.C. Ind. 1969), 301 F. Supp. 644; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498; *McDougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674; *Sergeant* v. *State* (1970), 255 Ind. 252, 263 N. E. 2d 525; *Woods* v. *State* (1970), 255 Ind. 483, 265 N. E. 2d 244; *MacTate* v. *State* (1971), 256 Ind. 55, 267 N. E. 2d 76; *Jackson* v. *State* (1971), 257 Ind. 477, 275 N. E. 2d 538; *Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307; *McKinley* v. *State* (1972), 258 Ind. 348, 281 N. E. 2d

91; *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N. E. 2d 828; *Lee* v. *State* (1972), 259 Ind. 301, 286 N. E. 2d 840.

Only in *Heathe, supra,* did the language of the opinion indicate that the penalty for the lesser included offense must be less than the penalty for the greater offense. In all others, the language proscribed a greater penalty for a lesser offense. Defendant has cited us to no case supporting his position.

The judgment of the trial court is affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 301 N. E. 2d 189.