EDWARD H. EMERY *v.* STATE OF INDIANA.

[No. 672S70. Filed September 26, 1973.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from the denial of relief on a post conviction remedy petition.

On September 15, 1966, appellant was found guilty of murder in the second degree and sentenced to life imprisonment. The conviction was affirmed by this Court on April 25, 1968. See *Emery* v. *State* (1968), 250 Ind. 500, 236 N. E. 2d 28, 14 Ind. Dec. 128.

The appellant's sole contention of error in this appeal is that the sentence of life imprisonment for second degree murder is unconstitutional.

Appellant argues that his sentence violates Article I, Section 16 of the Indiana Constitution and the Eighth Amendment to the Constitution of the United States in that it imposes cruel and unusual punishment, i.e. a penalty not in proportion to the nature of the offense.

At the time of appellant's conviction the definition and penalty for first degree murder were as follows:

"Whoever purposely and with premeditated malice, or in the perpetration of or attempt to perpetrate a rape, arson, robbery, or burglary, kills any human being, is guilty of murder in the first degree, and on conviction shall suffer death or be imprisoned in the state prison during life. [Acts 1941, ch. 148, § 1, p. 447.]" Burns Ind. Ann. Stat., 1956 Repl., § 10-3401.

The penalty for second degree murder at the time of appellant's conviction was as follows:

"Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life. [Acts 1905, ch. 169, § 350, p. 584.]" Burns Ind. Ann. Stat., 1956 Repl., § 10-3404.

The statute defining second degree murder has been amended to read as follows:

"Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life, or shall be imprisoned in the state prison not less than fifteen [15] nor more than twenty-five [25] years. [Acts 1905, ch. 169, § 350, p. 584; 1969, ch. 95, § 1, p. 214.]" IC 35-1-54-1, Burns Ind. Ann. Stat., 1972 Supp., § 10-3404.

Due to a recent decision by the United States Supreme Court, *Furman* v. *Georgia* (1972), 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346, the appellant assumes that there is no longer a death penalty anywhere in the United States. For the purposes of deciding this case, we will assume the appellant's position is correct and that the death penalty is no longer available for first degree murder.

It is appellant's argument that the second degree murder statute is now unconstitutional in that it allows a penalty to be assessed that is equal to the penalty for first degree murder. He takes this position for the reason that second degree murder is a lesser included offense in the charge of first degree murder. This question has been answered by this Court in the recent case of *Brown* v. *State* (1973), 261 Ind. 169, 301 N. E. 2d 189, where we stated that a lesser included crime may have a penalty as great as the greater crime.

The case of *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, 15 Ind. Dec. 486, and subsequent cases which follow *Dembowski* relied upon by the appellant hold that the penalty for the lesser included offense cannot exceed the penalty for the greater offense.

The trial court did not err in denying appellant relief on his post conviction remedy petition.

The trial court is affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 301 N. E. 2d 369.