WILLIE BROWN *v.* STATE OF INDIANA.

[No. 1172S160. Filed March 29, 1974.]

*Harriette Bailey Conn,* Public Defender, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John David Hollingsworth,* Deputy Attorney General, for appellee.

PRENTICE, J.—This matter is before us on appeal from the Marion County Criminal Court, Division One, upon the action of said court overruling Defendant's (Appellant's) Motion to Correct Errors following a denial of defendant's petition for relief under Post-Conviction Rule 1. Two issues are presented and treated in the following order:

I. Did the defendant sustain his buren of proof to show that the evidence at his trial was insufficient to sustain a guilty verdict?

II. Is a sentence of life imprisonment for second degree murder cruel and unusual punishment in that the same sentence is given for a guilty verdict for first degree murder?

The defendant was charged with first degree murder. He admitted the killing and relied upon the defense of self-defense. He was found guilty of second degree murder and sentenced to life imprisonment.

The judgment of the trial court has previously been affirmed by this Court. See *Brown* v. *State* (1971), 255 Ind. 594, 265 N. E. 2d 699. In that appeal, the defendant did not raise the issue of the sufficiency of the evidence.

I. Under this proposition, the defendant seeks to question the sufficiency of the evidence and to support the same with

charges that the testimony supportive of the verdict came from but two witnesses and that such testimony was unworthy of belief. One of such witnesses admitted that she had given contradictory testimony at a preliminary hearing. Testimony of the other conflicted with that of other witnesses. She was the girl friend of the decedent and the defendant asserts that her natural propensities would have been to punish the person who killed him. Defendant, therefore, would have us hold, as a matter of law, that that testimony from persons who have altered their testimony from that given on a previous occasion and from persons who could be expected to have a natural animosity towards a litigant is so lacking in credibility as to have no probative value. This thesis is diametrically opposed to the rule that the trier of facts is the sole judge of the weight of the evidence and of the credibility of the witnesses. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

The sufficiency of the evidence to sustain the original verdict is not a matter ordinarily subject to review in these proceedings. The proper time to raise such an issue is upon the original appeal. We call Defendant's attention to the following rules of this Court:

"This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Post-Conviction Remedy Rule 2 should be taken to perfect such an appeal. * * *." Post-Conviction Remedy Rule 1, § 1(b).

"All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition." Post-Conviction Remedy Rule 1, § 8.

It is apparent that the appellant has not presented new matter but rather seeks to bring about a review that was available to him upon his original appeal. Such does not lie within the scope of our post-conviction remedies. *Kidwell* v. *State* (1973), 260 Ind. 303, 295 N. E. 2d 362; *Curry* v. *State* (1972), Court of Appeals Second District, 290 N. E. 2d 729.

However, the State having elected to meet this issue upon the merits in the hearing for post-conviction relief, rather than to assert the waiver, we must do the same. *Langley* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538. It is clear, however, that the defendant failed in his burden to prove by a preponderance of the evidence either that the evidence which he asserts was essential to his conviction was devoid of probative value or that the circumstances which render such evidence infirm were unknown to him and his counsel at the time of trial. It was incumbent upon him to prove both, and we find no error in the ruling of the trial court in this regard.

II. We have recently held that a lesser included offense must not carry a greater penalty than the greater offense, but "* * * a lesser included crime may have a penalty as great as the greater crime." *Brown* v. *State* (1973), 261 Ind. 169, 301 N. E. 2d 189; *Emery* v. *State* (1973), 261 Ind. 211, 301 N. E. 2d 369.

We have gone to this issue notwithstanding that it was not presented in the motion to correct errors but direct counsel's attention to Post-Conviction Remedy Rule 1, § 7. In his motion to correct errors, the defendant also charged that the trial court erred in its finding that the defendant failed to sustain the burden of proof upon his allegation that he was incompetently represented by counsel at his trial. He has not pursued this issue in this appeal; and it is, therefore, deemed waived.

We find no error, and the judgment of the trial court is affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 308 N. E. 2d 699.