JOHN LEWIS WILSON *v.* STATE OF INDIANA.

[No. 377S161. Filed March 23, 1978.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *Kenneth T. Roberts*, Special Assistant, for appellant.

*Theodore L. Sendak*, Attorney General, *Charles D. Rodgers*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from the denial of post-conviction relief. The defendant, John Lewis Wilson, was sentenced to life imprisonment for second-degree murder in 1962. On a direct appeal to this Court, his conviction was affirmed, *Wilson* v. *State*, (1966) 247 Ind. 454, 217 N.E.2d 147. He now raises several issues concerning the constitutionality of his life sentence which we will combine and treat as one issue.

The defendant contends that since second-degree murder is a lesser included offense of first-degree murder, the penalty for the former must be less than for the latter. He also argues that the life imprisonment sentence deprives him of the equal protection of the law, constitutes cruel and unusual punishment, and discriminates against certain classes of persons. The defendant acknowledges that these constitutional arguments have been considered before by this Court in *Brown* v. *State*, (1973) 261 Ind. 169, 301 N.E.2d 189, but he asks that we reconsider that decision.

The decision in *Brown, supra,* has been affirmed numerous times and we believe that that opinion was a correct statement of the law. The statute under which defendant was convicted permitted a sentence of life imprisonment to be imposed upon a conviction of second-degree murder. This statute was found to be constitutional even though it allowed the same penalty to be imposed for second-degree murder as was imposed for first-degree murder. Ind. Code § 35-1-54-1 (Burns 1975); *Shackelford* v. *State*, (1976) 264 Ind. 698, 349 N.E.2d 150; *Thomas* v. *State*, (1976) 264 Ind. 581, 348 N.E.2d 4; *Abel* v. *State*, (1975) 165 Ind. App. 664, 333 N.E.2d 848; *Brown, supra.*

Justice DeBruler has cogently explained the reasoning behind these decisions where he states in *Shackelford, supra*:

"A person who kills with purpose and malice, but without premeditation, has still killed intentionally and without justification or excuse. While the statute permits the trier to find that the offense was substantially less reprehensible and the act less likely to be repeated than other homicides, the statute also permits the trier to find the act of such a quality and so likely to be repeated that this defendant should be punished and confined during his life, just as he would have been punished and confined if his act were the result of premeditation. Neither the Constitution nor common sense requires the penalty to be less." 349 N.E.2d 153.

In the instant case, the record shows that the defendant first hit the victim with his fists and a skillet. He left the scene while the victim was still alive but returned two other times to stab the victim and then finally shoot him. This was sufficient evidence to show that the defendant killed intentionally, with purpose and malice, and without excuse or justification, and that a life sentence was the proper penalty.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 373 N.E.2d 1095.