JAMES DOUGLAS WILSON *v.* STATE OF INDIANA.

[No. 377S186.  Filed March 31, 1978.]

*James F. Maguire,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Following a conviction of second-degree murder in the Marion Criminal Court, appellant Wilson was sentenced on November 4, 1976, to life imprisonment. The record shows that about 6:30 in the evening of May 24, 1976, following an altercation that afternoon, Gillace Samples requested Scott Wright to meet him at Thomas Market to fight. Fred Wright, Robin Hood and Ronnie Hood accompanied Scott Wright to the alley behind Thomas Market where they met Samples and appellant Wilson. Both Samples and appellant carried a shotgun, and Fred Wright carried a knife. All six individuals entered Thomas Market. Prior to entering, Fred Wright dropped his knife. Once inside the market, Fred Wright and appellant began arguing. Several witnesses heard appellant threaten to shoot Fred Wright to which he replied "go ahead." Fred Wright then reached for appellant's shotgun and was shot by appellant in the chest, and killed.

Appellant Wilson argues six errors in the proceedings of his trial below: (1) that the trial court improperly admitted into evidence the shotgun appellant allegedly carried on the night of the shooting; (2) that the trial court improperly admitted into evidence photographs of the deceased taken at the scene of the crime; (3) that the trial court improperly refused to give appellant's tendered instructions; (4) that the jury's verdict was not supported by sufficient evidence; (5) that appellant's sentence of life imprisonment for second-degree murder constituted cruel and unusual punishment; and (6) that the pre-sentence report was inadequate, thereby denying appellant due process of law.

## I.

Appellant first assigns error to the trial court's admission over appellant's objection of state's exhibit number 3, a shot-

gun. Appellant contends that there was not a sufficient foundation upon which the witness could identify the shotgun, nor was there proof of any link between the appellant and the shotgun. It is well settled that any evidence tending to prove a material fact is admissible even though its tendency to prove that fact is slight. *Thomas v. State,* (1968) 251 Ind. 76, 238 N.E.2d 20. Furthermore, any evidence tending to connect an accused with the commission of a crime is admissible. *Pullins v. State,* (1970) 253 Ind. 644, 256 N.E.2d 553. However, positive proof or positive authentication of evidence with such a tendency is not required for admissibility. Lack of positive proof or positive authentication only reflects on the weight of the evidence and the inferences drawn therefrom by the trier of fact. *Collins v. State,* (1977) 266 Ind. 430, 364 N.E.2d 750.

Here the shotgun was evidence which tended to connect appellant with the commission of the crime. The fact that the witness could only identify the shotgun by the intricate carvings on the stock of the gun does not render the evidence inadmissible. Such identification is taken into consideration by the trier of fact in its assignment of weight to be given to the evidence. Therefore, the trial court did not err when it admitted state's exhibit number 3.

## II.

Appellant next contends that the trial court erred by admitting over appellant's objection color photographs of the victim's body at the scene of the shooting. Appellant argues the photographs were irrelevant and highly prejudicial in that they placed undue emphasis upon the condition of the victim and kept the jury from an objective determination of the facts. Admission of photographs is within the sound discretion of the trial court and will not be disturbed unless the trial court abused its discretion. To be admitted, it must first be established that the photographs are a true and accurate representation of the things they are

intended to portray. *Johnson* v. *State*, (1972) 258 Ind. 648, 283 N.E.2d 532. Their relevancy is determined by whether a witness would be permitted to describe verbally that which the photograph depicts. *Murphy* v. *State*, (1977) 267 Ind. 184, 369 N.E.2d 411. Although the photographs may depict gory, revolting or inflammatory details of the crime when presented to the jury, this is not a sufficient basis for excluding such evidence. *Sotelo* v. *State*, (1976) 264 Ind. 298, 342 N.E.2d 844; *Meredith* v. *State*, (1966) 247 Ind. 233, 214 N.E.2d 385.

The photographs in this case show the fatal shotgun wound to the chest and the location and position of the body in Thomas Market. Testimony indicated that these photographs are a true and accurate representation of the scene. Since oral testimony concerning the location of the body and the wounds sustained is proper, photographs accurately depicting the scene are also admissible even though they may be considered by some to be gory. Therefore, the trial court's admission of the photographs was correct.

### III.

Appellant next claims the jury was not adequately instructed on matters of law pertaining to his theories of defense and that the trial court improperly refused his tendered instructions. Ind. Code § 35-1-35-1 (Burns 1975) requires the trial court to instruct the jury on all matters of law necessary for their information in giving their verdict. In addition, a defendant is entitled to instructions which are properly tendered on any theory of defense which has some foundation in the evidence. *United States* v. *Hillsman*, (7th Cir. 1975) 522 F.2d 454. However, when the substance of a tendered instruction is covered by other instructions given by the trial court, refusal of the tendered instruction is not grounds for reversal. *Patterson* v. *State*, (1975) 263 Ind. 55, 324 N.E.2d 482.

Appellant argues that his tendered instructions numbered

1, 4 and 10, dealing with his theory of self defense, should have been given to the jury. However, the substance of these instructions was adequately covered by the court's preliminary instruction number 8 and final instruction number 23, which told the jury, *inter alia,* that the question of apparent danger is to be determined from circumstances as they appeared to the defendant at the time of the shooting. Accordingly, the trial court properly refused appellant's request.

Appellant's tendered instruction number 7 defining the necessary premeditation for first-degree murder was properly denied for three reasons. First, the court's final instruction number 34 adequately instructed the jury on the law covering premeditation. Secondly, appellant's tendered instruction was a misleading statement of the law. The tendered instruction states that:

> "[T]he thought of taking life must have been consciously conceived in the mind, the inception must have been meditated upon, and a deliberate determination formed to do the act. There must be time and opportunity for premeditation after the mind has consciously formed the design to take life."

This instruction fails to point out that the time span between formation of the thought to take another's life and the act need not be appreciable to constitute premeditation. It may be as instantaneous as successive thoughts. *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E.2d 745. Finally the instruction actually given was a broader definition of premeditation than appellant's tendered instruction above. Nevertheless, the jury found appellant guilty of second-degree murder. Therefore, any error which may have occurred by not giving appellant's narrower tendered instruction would not affect the jury's verdict of guilt of second-degree murder. For these reasons, appellant's tendered instruction on premeditation was properly rejected.

Appellant's tendered instruction number 9 states that intent to kill is a necessary element in the crime of second-

degree murder, and if the jury has a reasonable doubt that the killing was done intentionally then appellant could not be convicted of the crime. Tendered instruction number 3 attempts to further explain that appellant could not be convicted of second-degree murder if the killing resulted from "inadvertence, lack of attention, accident or negligence" on the part of appellant. The trial court correctly refused the tendered instructions. The jury was instructed on the law pertaining to reasonable doubt and burden of proof in the court's instructions numbered 9, 13 and 14, and on the necessary elements of second-degree murder in the court's preliminary instruction number 11. The combination of these instructions adequately covered the substance of appellant's tendered instructions numbered 3 and 9. Furthermore, the tendered instructions contain incorrect statements of law. They seem to require a specific intent to kill in order to be convicted of second-degree murder. The necessary elements for second-degree murder are: (1) the killing of a human being; (2) that it was done purposely; and (3) that it was done maliciously. Ind. Code § 35-1-54-1 (Burns 1975); *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. Although the necessary elements of purpose and malice may be inferred from the intentional use of a deadly weapon in a manner likely to cause death, proof of a specific intent to kill is not necessary. *Kriete* v. *State*, (1975) 263 Ind. 381, 223 N.E.2d 209. For these reasons, the trial court did not err in denying appellant's tendered instructions numbered 9 and 3.

Appellant also claims that the trial court erred by not giving his tendered instruction number 2. This instruction states that "failure to show motive should be considered by the jury as a circumstance in favor of his innocence." When confronted with a similar tendered instruction in *Robinson* v. *State*, (1974) 262 Ind. 463, 317 N.E.2d 850, we held it was not necessary for the trial court to give the tendered instruction. There we stated that:

"[M]otive is not one of those essential elements of a crime which must be proved by the state, although it is a matter that may be considered by the jury along with other circumstances. As a result, the trial court is not obligated to give a motive instruction, particularly one which picks out items of evidence and attempts to tell the jury the weight to be given thereto. . . . Furthermore, we point out that the instruction before was mandatory in nature since it instructed the jury that it 'should consider' the absence of evidence as to motive. We have said previously that it is better in all cases for the trial judge not to pick out in instructions specific evidence or particular witnesses and comment upon the weight or consideration to be given to such matters." *Id.*, at 467, 317 N.E.2d at 853.

For these reasons, the trial court properly refused to give appellant's tendered instruction number 2.

## IV.

Appellant contends that his conviction of second-degree murder was not supported by sufficient evidence. We have consistently held that in determining the sufficiency of evidence, we will not weigh the evidence. We only look at the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the trier of fact can reasonably infer that appellant was guilty beyond a reasonable doubt, the verdict will not be disturbed. *Matthew* v. *State*, (1975) 263 Ind. 672, 337 N.E.2d 821.

Here the record indicates that appellant, following an argument with Fred Wright, threatened to shoot him. Wright responded "go ahead" and reached for the shotgun appellant was holding. Appellant fired the gun fatally wounding Wright. Looking at the evidence most favorable to the state, we find substantial evidence of probative value from which the trier of fact could reasonably infer the appellant purposely and maliciously killed Fred Wright and was therefore guilty of second-degree murder.

## V.

Following his conviction of second-degree murder, appellant was sentenced to life imprisonment. This is the same sentence imposed for convictions of first-degree murder. Appellant argues that this sentence was excessive in that it makes no allowance for the lesser degree of crime. However, this court has held that although a lesser degree of crime may not carry a greater penalty than the greater offense, it may carry a penalty as great as the greater offense. *Brown* v. *State,* (1974) 261 Ind. 619, 308 N.E.2d 699. Accordingly, appellant's sentence of life imprisonment for second-degree murder was proper even though this is the same sentence imposed for first-degree murder.

Appellant further argues that the jury was not provided with adequate guidelines to choose between a life sentence and a lesser sentence of fifteen to twenty-five years in prison for the crime of second-degree murder. He argues that the lack of guidelines makes the jury's choice of the greater sentence cruel and unusual punishment under the concept of *Furman* v. *Georgia,* (1972) 408 U.S. 238, 92 S.Ct. 2776, 33 L.Ed.2d 346. Appellant does not demonstrate that *Furman,* which dealt with the death penalty, applies to sentences of imprisonment for murder as are involved in this case. Neither is it demonstrated that *Furman* stands for any constitutional mandate of "guidelines" for use by the jury any time the sentencing function is undertaken. We do not believe that *Furman* so applies, and find this argument to be without merit.

## VI.

Appellant finally argues that the pre-sentence report prepared by the probation department was inadequate under Ind. Code § 35-8-1A-7 (Burns Supp. 1977). This section establishes criteria the court shall consider when imposing a sentence for a crime. This inadequacy allegedly resulted in a failure to fully and properly advise the

court and therefore denied appellant due process and equal protection under the law. Appellant claims that such reports are mandatory and cannot be ignored by the trial court.

Appellant's argument is without merit for two reasons. First, Ind. Code § 35-8-1A-7 (Burns Supp. 1977) was not in effect when appellant was sentenced on November 4, 1976. The section's effective date was October 1, 1977. Therefore, the pre-sentence report need not fully comply with the criteria established by that section. Secondly, even if the pre-sentence report had complied with the new statutory guidelines, Ind. Code § 35-8-1A-9 (Burns 1975) which requires a pre-sentence report to be considered by the court prior to sentencing, only applies to cases tried before a judge. This privilege is denied to those tried before a jury. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229. The case at hand was tried before a jury. Therefore, appellant has no inherent right to have a pre-sentence report considered prior to sentencing.

The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported at 374 N.E.2d 45.