EDWIN PAUL BAUM *v.* STATE OF INDIANA.

[No. 278S23. Filed August 11, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Victoria R. Van Duren,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second degree murder and sentenced to life imprisonment. His conviction was affirmed by this Court. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831. Appellant then filed a petition for post-conviction relief. This appeal is taken from the trial court's denial of that relief.

Appellant claims the trial court erred at his original trial in failing to conduct a hearing on his competency to stand trial. Rule PC. 1, § 8, reads in part as follows:

> "Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

Under the circumstances of this case, the above-quoted portion of the rule is applicable; however since the petition, among other things, claimed incompetence of the trial counsel, the judge hearing the post-conviction relief petition determined that he would hear all allegations on their merit. We will do likewise.

Appellant argues that when he filed a plea of insanity the trial court should have considered that plea as "reasonable ground for believing the defendant to be insane." He claims the trial court should have conducted a hearing on his competency to stand trial pursuant to IC § 35-5-3.1-1 [Burns 1975].

The right to a hearing on the issue of competency is not absolute but is dependent upon the presence of reasonable grounds for believing the defendant is incompetent to stand trial. *Brown* v. *State,* (1976) 264 Ind. 484, 346 N.E.2d 559. Standing alone, the plea of insanity

is not a sufficient indicator of reasonable grounds. The failure to hold a hearing upon the filing of this plea was not an abuse of the trial court's discretion. We therefore hold the trial court did not err in not conducting a hearing on appellant's competence to stand trial.

Appellant also claims the trial court erred in refusing to reread four of the instructions to the jury at the jury's request. He further claims the trial court erred in failing to advise the jury regarding the possibility of parole. At the time of the request for the rereading of the instructions the trial court stated it was improper to reread specific instructions, but offered to reread all of the instructions. The jury declined the offer. The trial court did not err. The proper procedure upon a request for a reinstruction is to reread all the instructions. *Woods* v. *State*, (1973) 159 Ind. App. 92, 304 N.E.2d 817.

Nor did the court err in refusing to instruct the jury on the possibility of parole. In *Feggins* v. *State*, (1977) 265 Ind. 674, 359 N.E.2d 517, this Court held that when there is a request for instructions on the subject of parole the best approach is to instruct the jury (1) that the State is authorized by law to confine the defendant for the full length of the sentence; (2) that the actual length of the sentence may be modified by parole, pardon or good time; and (3) that consequently the jury should exclude consideration of such devices. That case does not stand for the proposition that a refusal to so instruct would *per se* be reversible error. As recognized in *Feggins*, the subject of parole is not a proper matter for consideration by the jury. 265 Ind. at 685, 359 N.E.2d at 523-4. The trial judge in the case at bar followed ruling precedent at the time in refusing to enlighten the jury on the possibilities of parole and committed no error in doing so.

Appellant claims the second degree murder statute, IC § 35-1-54-1 [Burns 1975], is unconstitutional because it fails

to provide adequate guidelines to regulate the jury's discretion in deciding whether to impose a life sentence or 15 to 25 years. He further claims a life sentence for second degree murder is cruel and unusual punishment. This Court, in *Emery* v. *State*, (1973) 261 Ind. 211, 301 N.E.2d 369, held that the statute does not prescribe cruel and unusual punishment and therefore is constitutional. Matters of criminal punishment are primarily for the legislature. This Court will not invade the province of the legislature nor that of the jury acting within the framework of the statute. *Johnson* v. *State*, (1971) 256 Ind. 497, 269 N.E.2d 879, *cert. denied*, 405 U.S. 921 (1972). As we stated in *Shackelford* v. *State*, (1976) 264 Ind. 698, 702, 349 N.E.2d 150, 153:

> "A person who kills with purpose and malice, but without premediation, has still killed intentionally and without justification or excuse. While the statute permits the trier to find that the offense was substantially less reprehensible and the act less likely to be repeated than other homicides, the statute also permits the trier to find the act of such a quality and so likely to be repeated that this defendant should be punished and confined during his life, just as he would have been punished and confined if his act were the result of premediation."

There is sufficient jury discretion within the scope of the statute and the evidence presented at trial as to enable the jury to decide between the two possible sentences. *See, e.g., Wilson* v. *State*, (1978) 268 Ind. 91, 373 N.E.2d 1095; *Shackelford* v. *State*, *supra*. We therefore reaffirm our prior holdings that the punishment prescribed in this statute is constitutional.

Finally appellant contends his counsel was incompetent. On appeal the presumption that counsel was competent can only be overcome by strong and convincing evidence. *Roberts* v. *State*, (1977) 266 Ind. 72, 360 N.E.2d 825. The mere fact that another attorney might have conducted the defense differently does not warrant reversal.

Isolated mistakes or poor tactics and strategy do not constitute ineffective representation unless it is shown that the trial as a whole amounted to a mockery of justice. *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. In the case at bar appellant merely recites tactics which in retrospect he claims to have constituted inadequacy of counsel. The trial court concluded, however, that appellant's trial counsel had done a "fairly outstanding job," was "very thorough" and consequently the trial was far from a mockery of justice. We find substantial evidence in the record to support this conclusion.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 379 N.E.2d 437.