**Robert Paul JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 677S415.**

Supreme Court of Indiana.

Feb. 7, 1979.

William F. Marshall, Dalmbert & Marshall, Columbus, for appellant.

Theo. L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Jones was convicted of first degree murder and two counts of second degree murder by a jury in the Clark Circuit Court on December 2, 1976. Jones was sentenced to three concurrent terms of life imprisonment for these convictions which arose from the shooting deaths of three individuals in Columbus, Indiana.

Appellant's appeal from these convictions presents four issues for our review concerning: (1) alleged irregularities in the grand jury proceedings; (2) the admission of certain state's exhibits into evidence; (3) the constitutionality of the statute defining murder, and; (4) the sufficiency of the evidence.

## I.

Appellant first contends that two members of the grand jury, which returned the indictment against him, were prejudiced as a result of extensive pre-trial publicity surrounding appellant's case. He argues that because of this prejudice, the trial court erred by overruling his challenges to the two jurors and by denying his motion to dismiss the indictment pursuant to Ind. Code § 35–3.1–1–7(b)(4) (Burns 1975).

█ The motion to dismiss was properly denied since the lack of impartiality of a grand jury is not a ground for dismissal of an indictment. *Stevens v. State*, (1976) Ind., 354 N.E.2d 727, 730. *Cf. Jarver v. State*, (1976) Ind., 356 N.E.2d 215, 218–19.

█ Appellant's argument concerning the challenges to the two grand jurors is also without merit. The decision whether to overrule or sustain a challenge for cause is a matter committed to the discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Klink v. State*, (1932) 203 Ind. 647, 179 N.E. 549. In this case, appellant was afforded an opportunity to examine each of the challenged jurors for bias. Each of the jurors stated that although they had heard something about the case through other sources, they still felt that they could act impartially. The trial court, after hearing the evidence, overruled each of the challenges. Based on the record presented, we cannot say that the court's decision constituted an abuse of discretion.

## II.

Appellant next claims that the trial court committed reversible error by admitting into evidence a revolver found at the scene of the crime and three bullets which were removed from the bodies of the three victims, Maurice Crum, James Malone and Mrs. Tybith Campbell. When these exhibits were admitted at trial, appellant made an objection to the effect that the proffered items were not sufficiently linked to appellant. He also made it clear that his objection was not directed at the state's showing of chain of custody. We must thus assume that appellant's objection and argument goes to general relevancy considerations.

█ Evidence having even a slight tendency to prove a material fact in issue is relevant. *Musick v. State*, (1976) Ind., 352 N.E.2d 717. In the present case, one of the police officers, who arrived at the scene of the shootings, observed appellant holding a revolver. The officer knocked the gun from appellant's hand onto the floor where it was picked up by a patron in the tavern who, in turn, handed it over to a police officer. This gun was shown to have been registered in appellant's name. A ballistics expert testified that tests run on bullets removed from the three victims indicated that two of the slugs were definitely fired from appellant's gun while the third bullet had been damaged to the point where the expert could only say that it was probably fired from appellant's gun. We fail to see how the relevancy of these exhibits could be seriously disputed. There is no error presented in this issue.

## III.

█ Appellant next argues that the statutes defining first and second degree murder are unconstitutional for a variety of reasons. He first contends that the statutes are unconstitutionally vague as to the intent required for a murder conviction. Ind. Code § 35–13–4–1 (Burns 1975) defines first degree as the killing of a human being "purposely and with premeditated malice. . . ." Second degree murder is defined as the killing of a human being done "purposely and maliciously, but without premeditation." Ind. Code § 35–1–54–1 (Burns 1975). We fail to see how the terms of these statutes are so vague that men of

common intelligence must necessarily guess at their meaning and differ as to their application. *Baggett v. Bullitt*, (1964) 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377.

■ Appellant contends that the Eighth Amendment cruel and unusual punishment clause is violated by the imposition of a life sentence for second degree murder because such punishment is the same as that for first degree murder. This same argument was rejected in *Wilson v. State*, (1978) Ind., 374 N.E.2d 45, 50.

■ Appellant also seems to argue that the first degree murder indictment somehow violated his protection against double jeopardy and that the death penalty provision of the murder statute overlaps with the life sentence provision thus rendering the entire statute unconstitutionally vague. Neither of these arguments has been supported by citation to relevant authority nor were they developed to a point which would enable this Court to make a reasoned response thereto. There being no discernible argument presented, we must deem these issues to be waived. Ind.R.Ap.P. 8.3(A)(7); *Guardiola v. State*, (1978) Ind., 375 N.E.2d 1105.

### IV.

■ Finally, appellant contends that the evidence presented at trial was insufficient with respect to the element of premeditation and appellant's sanity at the time of the shootings. Of the three murder convictions, appellant was only found guilty of premeditated murder with respect to the death of Mrs. Tybith Campbell. The evidence most favorable to the state in this regard showed that during the early morning hours of November 9, 1975, appellant entered Paul's Cafe in Columbus. After ordering five drinks, appellant drew a revolver and ordered everyone out of the bar. A witness at trial testified that appellant told Mrs. Campbell to get out or he would blow her head off. The witness stated that Campbell turned and said something to appellant whereupon he aimed and shot her in the head. This evidence was sufficient to establish the element of premeditation.

*See Strickland v. State*, (1977) Ind., 359 N.E.2d 244.

Appellant also contends that the state did not present sufficient evidence to establish his sanity at the time of the shootings beyond a reasonable doubt. Although several expert witnesses testified that in their opinion appellant was suffering from a mental defect, numerous lay witnesses testified that at the time of the shootings, appellant appeared sane, sober, cool and exhibited normal behavior. Obviously, the jurors, as the triers of fact, chose to believe the lay witnesses and to disregard the testimony offered by the experts. Since this court on appeal cannot reweigh the evidence or judge the credibility of witnesses, we find that there was sufficient evidence to support the jury's conclusion that appellant was sane when he committed the offenses in question. *Sceifers v. State*, (1978) Ind., 373 N.E.2d 131.

The judgement of the trial court is affirmed.

All Justices concur.