Michael Edward MILLAR, Appellant,

v.

STATE of Indiana, Appellee.

No. 680S187.

Supreme Court of Indiana.

March 17, 1981.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Millar appeals from a denial of his Petition for Post-Conviction Relief. On October 21, 1971, after trial by jury, appellant Millar was found guilty of Second Degree Murder. On appeal, the Indiana Supreme Court affirmed that conviction. *Millar v. State*, (1973) 260 Ind. 368, 295 N.E.2d 814. On December 14, 1976, Appellant filed his Petition for Post-Conviction Relief which was subsequently amended on April 27, 1977, and again on October 20, 1978. The trial court conducted a hearing on August 10, 1979. On January 24, 1980, the trial court filed Findings of Fact and Conclusions of Law denying relief. Appellant filed his Motion to Correct Errors on March 24, 1980, and the trial court overruled that Motion on March 28, 1980. This appeal followed.

Appellant was sentenced to life imprisonment under Ind.Code § 35–1–54–1 (repealed 1976), which permitted the imposition of either life imprisonment or the imposition of a fifteen to twenty-five year prison term upon conviction of second degree murder. Appellant claims that his life sentence is unconstitutional because the above statute provided for two widely divergent sentences, but set forth no specific criteria by which to determine which sentence should be imposed. He claims that this provision allowed the life term to be arbitrarily imposed, which is a denial of equal protection of law and renders the punishment cruel and unusual in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 16 and 23 of the Indiana Constitution.

I.

The defendant-appellant was charged with first-degree murder, found guilty of second-degree murder, and sentenced to life imprisonment. Ind.Code § 35–1–54–1 (repealed 1976), the statute under which he was convicted read as follows:

"Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life, or shall be imprisoned in the state prison not less than fifteen (15) nor more than twenty-five (25) years."

The appellant relies heavily upon the United States Supreme Court's decision in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726,

33 L.Ed.2d 346 in his argument that because there were no specific criteria provided in the statute for determining which sentence to impose, he was denied equal protection of law and suffered cruel and unusual punishment. He acknowledges that *Furman, supra*, dealt with the death penalty but argues that the principles set forth in *Furman* apply to other penalties.

■ This Court has previously considered and decided this issue and found that *Furman* did not apply. In *Wilson v. State*, (1978) 268 Ind. 112, 121, 374 N.E.2d 45, 50 our Court stated:

"Appellant further argues that the jury was not provided with adequate guidelines to choose between a life sentence and a lesser sentence of fifteen to twenty-five years in prison for the crime of second-degree murder. He argues that the lack of guidelines makes the jury's choice of the greater sentence cruel and unusual punishment under the concept of *Furman v. Georgia*, (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. Appellant does not demonstrate that *Furman*, which dealt with the death penalty, applies to sentences of imprisonment for murder as are involved in this case. Neither is it demonstrated that *Furman* stands for any constitutional mandate of 'guidelines' for use by the jury any time the sentencing function is undertaken. We do not believe that *Furman* so applies, and find this argument to be without merit."

Identical constitutional claims were also considered and rejected in *Jones v. State*, (1979) Ind., 385 N.E.2d 426 and in *Baum v. State*, (1978) 269 Ind. 176, 379 N.E.2d 437. We reaffirm our holdings in these cases and find no error in the denial of defendant's petition for post-conviction relief on these grounds.

## II.

■ Appellant also alludes to a claim that the statute involved is unconstitutionally vague. This argument is not supported by citation to relevant authority nor developed to a point which would enable this Court to make a reasoned response thereto. There being no discernible argument presented, we must deem this issue waived. Ind.R.Ap.P. 8.3(A)(7); *Guardiola v. State*, (1978) 268 Ind. 404, 375 N.E.2d 1105. In addition, this argument was considered and rejected by our Court in *Jones v. State*, (1979) Ind., 385 N.E.2d 426. There is no error on this issue.

## III.

Appellant also contends that the life sentence imposed upon his conviction of second-degree murder is in violation of Article 1, Section 16 of the Indiana Constitution because a life sentence is also the penalty imposed for a first-degree murder conviction. The appellant bases his claim on language from *Heathe v. State*, (1971) 257 Ind. 345, 274 N.E.2d 697 which reads as follows:

" * * * The constitutional mandate that 'all penalties shall be proportioned to the nature of the offense' requires that the maximum for a lesser offense be less than the maximum for a higher offense."

An argument identical to the appellant's argument here was considered in *Brown v. State*, (1973) 261 Ind. 169, 301 N.E.2d 189. In *Brown, supra*, the appellant had been convicted of second-degree murder and sentenced to life imprisonment. Brown cited the identical passage from *Heathe v. State, supra*, appellant Millar cites here, and asked this Court to find that his life sentence violated the Eighth Amendment to the United States Constitution and Article 1, Section 16 of the Indiana Constitution because his sentence was not proportioned to his offense.

In rejecting Brown's argument the Court explained the above quoted passage from *Heathe, supra*, as follows:

"However, such is not the rule of that case. Heathe had been convicted of the offense of entering to commit a felony, a lesser included offense of second degree burglary. He had been sentenced to imprisonment for a period of from one to ten years, the penalty provided by statute for entering to commit a felony. We

remanded the case with instructions to modify the sentence by reducing the maximum to five years, which is the same as, not less than, the maximum provided the greater offense."

261 Ind. at 171, 301 N.E.2d at 190.

The *Brown* Court went on to state and reaffirm their holding from *Dembowski v. State*, (1968) 251 Ind. 250, 240 N.E.2d 815 that the legislature may not provide a punishment for a lesser included offense which is greater in years on the face of the statute than the punishment for the greater offense.

▮▮ This Court reaffirmed its *Brown* decision in *Shackelford v. State*, (1976) 264 Ind. 698, 349 N.E.2d 150 and stated:

"We believe that opinion was a correct statement of the law. A person who kills with purpose and malice, but without premeditation, has still killed intentionally and without justification or excuse. While the state permits the trier to find that the offense was substantially less reprehensible and the act less likely to be repeated than other homicides, the statute also permits the trier to find the act of such a quality and so likely to be repeated that this defendant should be punished and confined during his life, just as he would have been punished and confined if his act were the result of premeditation. Neither the Constitution nor common sense requires the penalty to be less."

*Brown, supra,* was also reaffirmed in *Emery v. State*, (1973) 261 Ind. 211, 301 N.E.2d 369 in which the identical issue and argument was presented as is presented here by appellant Millar. The Supreme Court upheld the denial of Emery's post-conviction relief. In *Rock v. State*, (1979) Ind., 388 N.E.2d 533 this Court was asked to reexamine and overrule its decision in *Brown v. State, supra,* and declined to do so. In *Williams v. State*, (1979) Ind., 395 N.E.2d 239, 246 which involved a robbery conviction, this Court reiterated its position that:

"Nevertheless, we have held that the Eighth Amendment to the United States Constitution and Article 1, § 16 of the Indiana Constitution require only that the maximum sentence for a lesser included offense not exceed the maximum sentence for the greater offense."

There is no error on this issue.

Judgment affirmed.

All Justices concur.