(989 P.2d 792)

No. 82,021

STATE OF KANSAS, *Appellee,* v. BOBBY D. RILEY, *Appellant.*

Opinion filed October 1, 1999.

*Elizabeth Seale Cateforis* and *Kirk Redmond,* assistant appellate defenders, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Julie Haffner,* legal intern, *Angela M. Wilson,* assistant district attorney, *Christine Kenney Tonkovich,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before ELLIOTT, P.J., GERNON, J., and PADDOCK, S.J.

ELLIOTT, J.: Bobby D. Riley appeals his convictions and his sentence, having been convicted of two counts of attempted second-degree murder (intentional) and one count of unlawful possession of a firearm.

We affirm in part, reverse in part, and remand.

Riley claims the trial court erred in refusing to instruct on aggravated battery as a lesser included offense of attempted first-

degree murder. This may be a case of last impression, since the second prong of the test stated in *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 (1988), has been legislatively overruled. See K.S.A. 1998 Supp. 21-3107(2)(d). Here, however, the crimes were committed in 1997.

It appears we must choose between the holdings of three cases. In *State v. Dixon*, 248 Kan. 776, 811 P.2d 1153 (1991), the defendant was charged with shooting *at* the victim. The Supreme Court ruled aggravated battery was not a lesser included offense of attempted first-degree murder under the facts presented. 248 Kan. at 784-85.

In *State v. Morfitt*, 25 Kan. App. 2d 8, 956 P.2d 719, *rev. denied* 265 Kan. 888 (1998), one of the charges against the defendant was attempted premeditated murder, and the trial court denied defendant's request for an instruction on aggravated battery. The information charged defendant with placing a sock around the victim's neck and tightening it. In *Morfitt*, we held the evidence essential to prove attempted murder also proved aggravated battery. 25 Kan. App. 2d at 16. Accordingly, we concluded the failure to instruct on aggravated battery as a lesser included offense was reversible error. 25 Kan. App. 2d at 16.

The *Morfitt* court relied on *State v. Smith*, 245 Kan. 381, 391-92, 781 P.2d 666 (1989), where then Justice (now Chief Justice) McFarland stated:

" 'An act of first-degree premeditated murder by means of shooting, beating, or stabbing, etc. requires proof of an aggravated battery. *Had the victim survived the charge could have been attempted murder or aggravated battery but not both.* No case has been cited where a single act constituting aggravated battery has been held to constitute both aggravated battery and a homicide.' (Emphasis added.)" 25 Kan. App. 2d at 16.

In the present case, the charges of attempted first-degree murder alleged the defendant "shot [the victim] with a handgun, toward the perpetration of" the crime of first-degree murder, certainly implying the victim was shot, rather than merely being shot *at*.

We are compelled to follow *Smith* and *Morfitt* rather than *Dixon*. We thus must hold the failure to instruct on aggravated battery as

a lesser included offense under the second prong of *Fike* was reversible error.

Riley also claims the trial court erred by instructing the jury on attempted second-degree murder as a lesser included offense of attempted first-degree premeditated murder.

Whether second-degree murder was, at the time, a lesser included offense of first-degree murder is immaterial. K.S.A. 21-3107(2) provides a defendant may be convicted of the crime charged or an included crime. Included crimes may be a lesser degree of the crime charged, *or* a crime necessarily proven if the charged crime is proven. Attempted second-degree murder was a crime necessarily proven if attempted first-degree murder was proven.

*State v. Tucker*, 253 Kan. 38, 853 P.2d 17 (1993), controls. There, the Supreme Court held that possession of cocaine was not a lesser degree of possession with intent to sell because both were class C felonies. See K.S.A. 65-4127a. It was, however, an included crime as defined in K.S.A. 21-3107(2)(d) (Ensley 1988). The *Tucker* court held the trial court had jurisdiction to enter a conviction on an *uninstructed* offense, equivalent in grade to the offense charged. 253 Kan. at 42-43. Thus, Riley's argument is meritless.

Finally, Riley complains that his receiving the same punishment for attempted second-degree murder as he would have received for attempted first-degree murder (both first- and second-degree murder are off-grid offenses) constitutes disproportionate punishment. Conviction and sentence for a completed second-degree murder allowed for an earlier parole date than for first-degree murder. See K.S.A. 1997 Supp. 22-3717(b)(4). However, a conviction for attempt to commit either crime resulted in sentencing for a severity level 1 offense on the sentencing grid, with identical sentencing ranges. See K.S.A. 21-3301(c). Riley argues that his receiving identical sentences for two degrees of the same crime results in disproportionate punishment, violating the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

This is an issue of first impression in Kansas.

The legislature is the branch of government entrusted with the power to set the punishment for a crime. *State v. Reed*, 248 Kan. 792, 798, 811 P.2d 1163 (1991). Thus, Riley must show his punishment is constitutionally impermissible because it is so disproportionate to the crime that it shocks the conscience and offends fundamental notions of human dignity. See *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978).

Courts are reluctant to overturn sentences solely on the length of incarceration rather than the method of punishment. See, *e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 989-94, 115 L. Ed. 2d 836, 111 S. Ct. 2680 (1991) (Eighth Amendment probably contains no proportionality guarantee). Here, Riley received a mid-range, concurrent sentence, well shy of the statutory maximum.

In considering whether a sentence is disproportionate, a court may compare the punishment with punishments imposed for more serious offenses, and if among them are found *more serious* crimes punished *less severely* than the offense in question, the challenged penalty is to that extent suspect. *Freeman*, 223 Kan. at 367.

Other jurisdictions agree that a lesser included crime may not carry a *harsher* sentence than the greater. See *Willoughby v. Phend*, 301 F. Supp. 644, 647 (N.D. Ind. 1969); *State v. Dayutis*, 127 N.H. 101, 105, 498 A.2d 325 (1985). And some jurisdictions have upheld sentences where the lesser included crime carries a sentence *equal to* the greater. *E.g.*, *People v. Macias*, 137 Cal. App. 3d 465, 471, 187 Cal. Rptr. 100 (1982) (equivalent sentences for attempted first- and second-degree murder); *Millar v. State*, 275 Ind. 465, 469, 417 N.E.2d 1105 (1981).

We can find no legislative history for the bill classifying second-degree murder as an off-grid felony, but it appears the resulting identical penalties for attempted first- and second-degree murder were inadvertent. But it is not our function to determine the wisdom of a legislative determination. See *State ex rel. Schneider v. Kennedy*, 225 Kan. 13, 21, 587 P.2d 844 (1978).

Further, the trial court had discretion to sentence Riley to any period between 740 and 816 months, a 76-month range, which provided a limited opportunity to ameliorate any harm done. See

K.S.A. 1997 Supp. 21-4704. Riley's sentence does not rise to the level of cruel and unusual punishment.

Riley's sentence for attempted second-degree murder is not disproportionate merely because the presumptive sentence for attempted first-degree murder was equivalent.

We affirm in part, reverse in part, and remand.