NOT DESIGNATED FOR PUBLICATION

No. 124,234

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEREK BRICE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed July 22, 2022.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Derek Brice appeals the district court's denial of his K.S.A. 60-1507 motion. That motion alleged, among other matters, that Brice's appellate counsel was constitutionally ineffective for not raising on direct appeal trial counsel's failure to request at trial a lesser included offense instruction on aggravated battery. Finding no error, we affirm.

1

*Factual and Procedural Background*

For crimes committed in June 2007, a jury convicted Brice of two counts of attempted, premeditated first-degree murder and one count of aggravated assault. Another panel of this court affirmed Brice's convictions. *State v. Brice*, No. 100,513, 2009 WL 2501082 (Kan. App. 2009) (unpublished opinion). Brice then timely filed a K.S.A. 60-1507 motion, arguing his convictions should be overturned because both his trial and appellate counsel were constitutionally ineffective.

The district court appointed counsel for Brice and held an evidentiary hearing on the motion. Brice, the only witness, testified that his trial counsel had not requested an aggravated battery instruction at trial as he should have. He argued that his trial and appellate counsel were ineffective for failing to request the instruction or raise it on appeal, respectively. The district court denied Brice's motion, finding aggravated battery was not a lesser included offense of attempted, premeditated first-degree murder, and that the court would not have given the instruction had Brice's trial counsel requested it.

Brice timely appeals.

*Was Appellate Counsel Constitutionally Ineffective?*

The sole issue briefed on appeal is whether Brice's appellate counsel, Ryan Eddinger, was ineffective for not raising on direct appeal the omission at trial of a lesser included offense instruction on aggravated battery.

When, as here, a district court conducts a full evidentiary hearing on claims raised under K.S.A. 60-1507, we review the district court's factual findings for substantial competent evidence, and the district court's legal conclusions de novo. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021). "'Substantial competent evidence is

that which possesses both relevance and substance and which furnishes a substantial basis in fact from which the issues can reasonably be resolved."' *State v. Sanders*, 310 Kan. 279, 294, 445 P.3d 1144 (2019). We do not reweigh evidence, pass on the credibility of witnesses, or resolve evidentiary conflicts. *Khalil-Alsalaami*, 313 Kan. at 486-87.

*General Legal Principles*

The Sixth Amendment to the United States Constitution guarantees in "all criminal prosecutions" that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right to counsel is the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014) ("The Sixth Amendment right to counsel is made applicable to state proceedings by the Fourteenth Amendment to the United States Constitution.").

To establish ineffective assistance of counsel on appeal, Brice must show that (1) counsel's performance, based on the totality of the circumstances, was deficient, meaning it fell below an objective standard of reasonableness, and (2) counsel's performance prejudiced him, meaning there is a reasonable probability that, but for counsel's deficient performance, his appeal would have been successful. See *Khalil-Alsalaami*, 313 Kan. at 526. Deficient performance means "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To determine whether appellate counsel's performance was objectively reasonable, the reviewing court "'must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Baker v. State*, 243 Kan. 1, 7, 755 P.2d 493 (1988) (quoting *Strickland*, 466 U.S. at 690).

3

We employ a strong presumption that counsel's conduct was reasonable. *State v. Cheatham*, 296 Kan. 417, 432, 292 P.3d 318 (2013). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. *Miller*, 298 Kan. at 932. And "appellate attorneys are not required to raise issues that are weak, meritless, or would result in only harmless error." *Khalil-Alsalaami*, 313 Kan. at 527. "Likewise, the fact that the defendant requests such an issue or issues to be raised does not require appellate counsel to include them. Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." *Baker*, 243 Kan. at 10.

*Analysis*

Brice argues that Eddinger was constitutionally ineffective because he failed to argue on Brice's direct appeal that the district court should have instructed the jury on the lesser included offense of aggravated battery. Brice claims the aggravated battery instruction was appropriate because some evidence showed that the victims, who had pulled a gun on him earlier on the day he shot them, survived the shooting. But even if that summary of the evidence is accurate, it speaks only to the facts.

Instructions also need to be legally appropriate. Yet Brice fails to point to a specific error in the district court's factual or legal findings. Brice relies solely on *State v. Smith*, 245 Kan. 381, 391-92, 781 P.2d 666 (1989); S*tate v. Riley*, 26 Kan. App. 2d 533, 534, 989 P.2d 792 (1999), and *State v. Morfitt*, 25 Kan. App. 2d 8, 16, 956 P.2d 719 (1998), to support his argument that because the victims survived, the lesser included offense instruction on aggravated battery should have been given. Yet he fails to explain how these cases support that result. And he recognizes that *State v. Schoonover*, 281 Kan. 453, 484-85, 133 P.2d 48 (2006), disapproved *Smith* and its line of cases and that *State v. Gaither*, 283 Kan. 671, 691-92, 156 P.3d 602 (2007), held aggravated battery was not a lesser included offense of attempted first-degree murder.

4

Nor does Brice analyze the issue under the lesser included offense statute in effect when he committed his crimes. Because Brice essentially makes no substantive argument in this appeal, we could dismiss this appeal. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues inadequately briefed are considered waived and abandoned); *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (issues incidentally raised but not argued are considered waived or abandoned).

But in an abundance of caution, we review the merits. Still, Brice's argument fails. True, Eddinger did not raise the instructional issue on direct appeal. See *Brice*, 2009 WL 2501082. But to determine whether Eddinger was ineffective, we must determine whether Eddinger should have raised the jury instruction issue for the first time on direct appeal. To do so, Eddinger would have had to overcome the "clearly erroneous" standard we apply on appeal when counsel fails to request a jury instruction at trial. See K.S.A. 2021 Supp. 22-3414(3); *State v. Anthony*, 282 Kan. 201, 215, 145 P.3d 1 (2006). Under this standard, the appellate court must be "firmly convinced there is a real possibility that the jury would have rendered a different verdict if the error had not occurred." 282 Kan. at 215.

At the time of Brice's crimes, a criminal defendant was generally entitled to an instruction on a lesser included offense, so long as the evidence, when viewed in a light most favorable to the defendant's theory, would justify a verdict in accord with the defendant's theory. *State v. Boorigie*, 273 Kan. 18, 40, 41 P.3d 764 (2002). But such an instruction was improper if, from that evidence, the jury could not reasonably convict the defendant of the lesser offense. *State v. Robinson*, 261 Kan. 865, 883, 934 P.2d 38 (1997).

The State charged Brice with two counts of attempted, premeditated first-degree murder in violation of K.S.A. 2006 Supp. 21-3301 and K.S.A. 21-3401(a). Though he does not specify which version of the statute applied, at the time of Brice's crimes the

criminal statute described "aggravated battery" at the highest severity level as "[i]ntentionally causing great bodily harm to another person or disfigurement of another person." K.S.A. 21-3414(a)(1)(A). At that time, a lesser included crime was defined as a lesser degree of the same crime, or a crime where all elements of the lesser crime were identical to some of the elements of the crime charged. K.S.A. 2006 Supp. 21-3107(2). Yet Brice meets neither the "lesser degree" nor the "same elements" test.

The Kansas Supreme Court in *Gaither* held that aggravated battery was not a lesser included offense of attempted first-degree murder under the "lesser degree" subsection of the statute because each crime is defined by the harm caused rather than by the act performed. 283 Kan. at 691-92. So it is inconsequential if the State charged the defendant with "attempted" first-degree murder because the attempt statute "does not alter the basic definition for the underlying crime." 283 Kan. at 692.

The *Gaither* court also held that aggravated battery was not a lesser included offense of first-degree murder under the "same elements" test, which requires that "all elements of [aggravated battery] are identical to some of the elements of the crime charged." K.S.A. 2006 Supp. 21-3107(2)(b). This is because premeditated first-degree murder requires the intent to kill, while aggravated battery, even at its highest severity level, requires the intent to cause great bodily harm. K.S.A. 21-3401(a); K.S.A. 21-3414(a)(1)(A). Aggravated battery thus has a different element than first-degree murder. Although Brice bases his argument, in part, on what the evidence may have shown about the day of the shooting, the same elements test is concerned solely with the statutory elements of the offenses and has nothing to do with the evidence presented at trial. See *State v. Gonzalez*, 311 Kan. 281, 296, 460 P.3d 348 (2020).

When, as here, we lack testimony from the allegedly ineffective appellate counsel as to why he or she did not raise the issue, we presume that appellate counsel's choice of issues to raise on appeal resulted from reasonable professional judgment. *Pabst v. State*,

287 Kan. 1, 18, 192 P.3d 630 (2008). This is particularly so here, when appellate counsel would have had to argue against the law then in effect. Because Brice did not call Eddinger to testify at the hearing, Brice cannot overcome the strong presumption of constitutional effectiveness. See *Cheatham*, 296 Kan. at 432. As a result, Brice fails to meet his burden to show that Eddinger's performance was inadequate.

Nor does Brice argue the second *Strickland* prong—that Eddinger's representation prejudiced him. This failure to show prejudice independently warrants our affirmance of the district court since Brice has the burden to show both error and prejudice when asserting ineffective assistance of counsel. See *State v. Crosby*, 312 Kan. 630, 639, 479 P.3d 167 (2021).

As a result, Brice's argument fails to show that Eddinger provided constitutionally ineffective representation. All other issues are waived and abandoned for lack of briefing. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Affirmed.