UNITED STATES of America, ex rel. Phillip PEEPLES, Petitioner-Appellant,

v.

James GREER, Warden, Menard, Michael Lane, Director of the Department of Corrections, Respondents-Appellees.

No. 83–2250.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1984.

Decided July 13, 1984.

As Amended July 20, 1984.

---

Charles M. Schiedel, Asst. State Appellate Defender, Springfield, Ill., for petitioner-appellant.

Jack Donatelli, Asst. Atty. Gen., of Ill., Chicago, Ill., for respondents-appellees.

Before CUMMINGS, Chief Judge, FLAUM, Circuit Judge, and PARSONS, Senior District Judge.*

PARSONS, Senior District Judge.

The petitioner, Phillip Peeples, in his appeal to this court seeks review of Federal District Judge Harold Baker's denial of his petition for a writ of habeas corpus. 566 F.Supp. 580 (C.D.Ill.1983). The issue presented is whether the Illinois statute providing for an extended sentence of imprisonment when the trial court finds that the offense has been accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty", should be held unconstitutional as a violation of the Eighth Amendment's protection against cruel and unusual punishment. Upon review we find no constitutional violation either in the statute or in the manner of its

application in the case and we affirm Judge Baker's order of dismissal. The issue raised by the petitioner that merits analysis is the effect on this case of *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), a decision which came down after the decision of Judge Baker but before briefs were filed in this appeal.

The facts relating to Peeples' conviction are not disputed. On March 24, 1980, he was charged with murder in the Circuit Court of Champaign County, Illinois, following the death of a young substitute librarian in an elementary school in Champaign who happened on the day of her death to be working at the same school where the petitioner was employed as a part-time maintenance man. Her body was found on the floor of the library during the noon hour. Her throat had been slashed and she had been molested sexually. The evidence was overwhelming that Peeples was her attacker. Following a bench trial, the state trial court found Peeples guilty of murder and sentenced him to an extended term statute.[1] As required by the statute, the judge made the finding that petitioner's offense was indicative of wanton cruelty.[2] On July 22, 1981 the state appellate court affirmed his conviction and sentence, and on November 30, 1981 the Illinois Supreme Court denied his petition for leave to appeal. The petitioner then filed this habeas corpus action.

In his opinion denying the writ, Judge Baker rejected the petitioner's claim that the words used in the statute, specifically the words, "exceptionally brutal or heinous behavior indicative of wanton cruelty", permit arbitrary and capricious impositions of sentences in that they have no directive content nor objective meaning. In his opinion he discussed in detail the state appellate court's decision which had considered and rejected this same claim of unconstitutionality. Peeples' argument before Judge Baker was based heavily on *Godfrey v.*

---

* Honorable James B. Parsons, Senior District Judge for the Northern District of Illinois, Eastern Division, sitting by designation.

1. Ill.Rev.Stat., Ch. 38, § 1005–8–2(a)(1) (1979).

2. Ill.Rev.Stat., Ch. 38, § 1005–5–3.2 (1979).

*Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). In that case the United States Supreme Court had ruled as unconstitutional a Georgia statute which had allowed the imposition of the death penalty in cases where the offense "was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." *Id.* at 422, 100 S.Ct. at 1762.

Judge Baker relied heavily on the numerous decisions of the Illinois Appellate and Supreme Courts which addressed the extended term statute. These courts had held consistently that the words used in the Illinois statute were sufficiently definite to satisfy both the federal and state constitutions. He noted that they found the words to be of common, everyday and popularly understood meaning. He also concluded that the language, particularly when applied to Peeples' case, permitted sentencing to be based on thoughtful, orderly and informed processes and that the statute should not be found unconstitutional under either the Eighth or the Fourteenth Amendments.[3]

Peeples' had brought into his argument Eighth Amendment decisions of the Supreme Court which had established constitutional proscriptions against state statutes that permitted arbitrary and capricious impositions of the death penalty: *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); and *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Judge Baker concluded that the Eighth Amendment's proscription against cruel and unusual punishment in death penalty cases would not necessarily apply to statutes providing for sentences that merely extend terms of years of imprisonment. As he said, "[t]he United States Supreme Court had never held a sentence for a term of years to be, by itself, cruel and unusual punishment."

Between the decision of Judge Baker filed on June 14, 1983, and the filing of the appeal before this court, *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), (decided on June 28, 1983), was handed down by the Supreme Court. For the first time the Supreme Court found a term of years to be cruel and unusual punishment. In that South Dakota case, the Court was considering an extended sentence statute in a case involving a sentence of life imprisonment without the possibility of probation or parole. The sentence was imposed upon a defendant who had been convicted of uttering a "no account" check for the amount of $100. The South Dakota recidivist statute had been invoked because the defendant had had five prior (nonviolent) felony convictions. The Supreme Court stated that the final part of the Eighth Amendment's declaration, which recites that no cruel and unusual punishments shall be inflicted, prohibited not only barbaric punishment but also sentences that are disproportionate to the crime committed. The majority in *Solem* held "that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id.* 103 S.Ct. at 3009. In particular, the opinion observed that a court's proportionality analysis under the Eighth Amendment is to be guided by objective criteria including: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other convicted defendants in the same jurisdiction; and (iii) the sentences imposed for the commission of the same crime in other jurisdictions. After making an analysis of the case based on these factors, the Court concluded that because the sentence was significantly disproportionate to the crime, it

---

**3.** In this same regard Judge Baker addressed Peeples' claim that the Illinois statute was unconstitutionally vague and ambiguous under the Due Process clause of the Fourteenth Amendment, citing *Kolender v. Lawsen,* 461 U.S. 352, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), a claim that the statute defined the offense with insufficient definiteness to permit ordinary people to understand what conduct was being punished by an extended term of years as a result of which the statute encouraged arbitrary and discriminatory enforcement.

was prohibited by the Eighth Amendment. *Id.* at 3016.

■ The appellant herein argues before us that the decision in *Solem* now makes Judge Baker's refusal to apply to the facts of this case the Eighth Amendment analysis of *Godfrey v. Georgia, supra,* improper. But we find that *Solem* does not serve to change Judge Baker's decision. Put succinctly, *Godfrey, Gregg* and *Proffitt* still stand for the proposition that in a death penalty case there can be cruel and unusual punishment whenever there is a substantial risk that due to the language of the state statute the death penalty can be imposed in an arbitrary and capricious manner. *Solem* addresses an inherently different consideration—one which serves to permit limited federal court surveillance of state court term sentences. It is that imprisonment for a term of years can be found invalid under the Eighth Amendment, when the term of years is significantly disproportionate to the offense. Both *Solem* and the *Godfrey* line of cases fall under the scrutiny of the Eighth Amendment, but they do not combine here to condemn Peeples' sentence. The petitioner here has not claimed that his term of years is disproportionate to his offense. In fact, any such claim would be futile. It is true that Peeples was sentenced to 80 years, but he received it as punishment for a brutal and violent murder. This is a far cry from the defendant in *Solem* who as punishment for relatively minor criminal conduct received life in prison without the possibility of probation or parole.

■ What the petitioner appears to be claiming is that his sentence is invalid under the Eighth Amendment because the Illinois statute itself is unconstitutional in that it creates the possibility that extended term sentences under it could be capriciously and arbitrarily imposed. Under the *Godfrey* cases, there is the serious federal concern about state impositions of death sentences under capital sentencing statutes that are so vague that state courts can execute people arbitrarily or speculate as to whether a convicted defendant's behavior has measured up to the condemnation expressed in the statute. Now, under *Solem,* there is a different concern—one that relates to terms of years sentences. But it is related more to the application of the statute than to the language of the statute. It is that in the term sentence itself there must be proportionality and balance that reflect the offense committed. It may be true that both of these issues are at home in discussions about due process of law under the Fourteenth Amendment; but in *Solem* as in *Godfrey* the Supreme Court has found the Eighth Amendment a sufficient foundation for federal judicial attention.

We are convinced from a review of the record before us and a review of Judge Baker's thorough study of the Illinois cases upholding the constitutionality of the statute applied here, that the statute in question as applied to the facts of this case did not constitute a violation of the Constitution of the United States. See 566 F.Supp. at 588–592. Accordingly, the decision of the district court is

AFFIRMED.