974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald COCHRAN, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 91-3102.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.*
Decided Sept. 10, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Gerald Cochran appeals the denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Our review of the briefs and the record leads us to conclude that the district court carefully considered all challenges when granting judgment to the United States. We affirm for the reasons stated in the district court's thorough opinion, which is attached.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
 
 INDIANAPOLIS DIVISION
 
 4
 GERALD COCHRAN, Petitioner,
 
 
 5
 v.
 
 
 6
 JACK R. DUCKWORTH, Respondent.
 
 
 7
 CAUSE NO. 87-1221-C.
 
 ORDER ON PETITION FOR HABEAS CORPUS[1]
 
 8
 On July 1, 1976, petitioner Gerald Cochran shot and killed Steven Goforth. On January 18, 1977, a Marion Superior Court jury returned a verdict of guilty on a charge of second degree murder, and sentenced Cochran to life imprisonment. The issue Cochran raises in this habeas corpus petition is whether his life sentence violates the Eighth Amendment[2] to the Constitution because the statute under which he was sentenced provided no guidelines to aid the jury in determining whether to impose a sentence of 15 to 25 years or life imprisonment.[3]
 
 
 9
 Though Cochran's habeas petition raises only one issue, two preliminary issues must first be considered before this Court may review the merits of his petition. Specifically, the respondent charges that Cochran's petition must be dismissed: (1) because of the delay in filing the petition; and (2) because Cochran has not exhausted the issue raised in the petition.
 
 A. Delay
 
 10
 Respondent argues that pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases, the petition should be dismissed. Rule 9(a) provides in relevant part, "A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing...."
 
 
 11
 The advisory committee's notes make it clear that this rule "establishes a presumption that the passage of more than five years from the time of the judgment of conviction to the time of filing a habeas petition is prejudicial to the state." Rule 9(a) advisory committee's note. This presumption of prejudice is rebuttable, and puts the burden on the petitioner of going forward with evidence that the state has not been prejudiced by the passage of time. Id.
 
 
 12
 This presumption comes into play in the case at bar. Petitioner was convicted January 18, 1977, and he filed his habeas petition January 4, 1988.[4] Thus, nearly 11 years elapsed between his conviction and the filing of this action. Nevertheless, the Court finds this delay does not require dismissal of the petition. Several reasons support this result.
 
 
 13
 First, Rule 9(a) states that a petition "may" be dismissed based on delay. Thus, the rule is permissive, and vests this Court with "discretion in assessing the equities of the particular situation." Rule 9(a) advisory committee's note. Second, the facts at bar reveal that this Court's discretion is properly exercised in overlooking the petitioner's delay. This is so because, despite the presumption in Rule 9(a), the record discloses no prejudice to the state. The petitioner's argument is purely legal, not factual. The advisory committee's notes make it clear that the prejudice feared in Rule 9(a) involves such concerns as the death of or the inability to locate witnesses, fading witness memories, loss or destruction of court reporters' notes, and the like. None of these factors are involved in this case. Therefore, the delay cannot be said to prejudice the respondent.
 
 
 14
 Finally, the Court notes that some of the delay involved in bringing this action is understandable. Before bringing a habeas petition, the petitioner must fully exhaust the issues raised in the petition. Cochran's conviction was affirmed by a unanimous Indiana Supreme Court August 7, 1988. In addition, Cochran filed a petition for post-conviction relief ("PCR") with the trial court on January 18, 1980. The PCR petition was denied by the trial court, and the Indiana Supreme Court affirmed this decision March 7, 1983. Slightly less than five years elapsed between the Supreme Court's denial of Cochran's PCR petition and the filing of this action. While not conclusive, this fact bolsters today's holding that the delay involved in this case does not bar the petition.
 
 B. Exhaustion
 
 15
 Respondent next argues that this petition must be dismissed because Cochran has failed to exhaust his state court remedies. Ex parte Royall, 117 U.S. 241 (1886). See also Burgin v. Broglin, 900 F.2d 990, 996 (7th Cir.1990) (stating it is "axiomatic" that all claims raised in a federal habeas corpus petition must first have been presented to the state courts). As stated previously, the issue raised in this petition is whether Cochran's life sentence violates the Eighth Amendment to the Constitution because the statute under which he was sentenced provided no guidelines to aid the jury in determining whether to impose a sentence of 15 to 25 years or life imprisonment.
 
 
 16
 The respondent argues this issue was not presented in the petitioner's appeal. The respondent cites to the petitioner's appellate brief wherein his ground for appeal was stated as follows:
 
 
 17
 It was error to allow the jury to speculate as the alternative penalties for commission of the same act, to-wit, Murder in the Second Degree, without providing specific guidelines for the selection of the appropriate penalty. It was further error to sentence the Defendant to the penalty of life imprisonment.
 
 
 18
 (Petitioner's Appellate Brief at 37). Accordingly, the respondent argues that there is no mention that his sentence or the statute is unconstitutional. On the contrary, "Clearly these are issues that have never been fairly presented to the Indiana court and as such they cannot be the basis for federal habeas corpus relief." (Memo in Supp. of Order to Show Cause at 5).
 
 
 19
 A review of the Indiana Supreme Court's decision on Cochran's direct appeal from his conviction is inconclusive.[5] The Court addressed this issue briefly at the end of its opinion, stating:
 
 
 20
 Finally, appellant urges that the trial court, through its instructions, did not provide adequate guidelines for the jury to choose between the life sentence and a lesser sentence of fifteen to twenty-five years in prison for the crime of second-degree murder. We have previously dealt with this issue and have found it to be without merit.
 
 
 21
 Cochran v. State, 378 N.E.2d 868, 870 (Ind.1978). No mention is made that Cochran asserted a constitutional challenge to his sentence.
 
 
 22
 However, in finding Cochran's argument to be without merit, the Indiana Supreme Court cited Wilson v. State, 374 N.E.2d 45 (Ind.1978). In Wilson, the appellant argued unsuccessfully that the lack of adequate guidelines made the jury's choice of the greater sentence cruel and unusual punishment under Furman v. Georgia, 408 U.S. 238 (1972). Thus, by relying in part on Wilson in affirming Cochran's conviction, it appears for exhaustion purposes that the Indiana Supreme Court considered whether Cochran's sentence withstood Eighth Amendment scrutiny.
 
 
 23
 In further support of his position that his claim has been exhausted, Cochran notes that his trial counsel specifically objected the standardless jury sentencing, and even cited Furman in so doing. The record reflects that the trial judge agreed that the statute was troublesome, and invited Cochran's counsel to submit a jury instruction on this point. However, the trial court overruled the objection, and counsel never submitted a proposed instruction. (R. at 435-37).
 
 
 24
 In determining whether an issue has been properly exhausted for habeas purposes, the question is whether the substance of the habeas corpus claim is first presented to the state courts. Picard v. Connor, 404 U.S. 270, 278 (1971). More specifically, the petitioner must afford the state court "an opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Id. at 277 (quoting Connor v. Picard, 434 F.2d 673, 674 (1st Cir.1970)).
 
 
 25
 Exhaustion does not require citation to "book and verse on the federal constitution." Picard, 404 U.S. at 278. On the contrary, as one author has noted, "The recent trend seems mercifully to be moving away from niggling interpretations of the exhaustion requirement with regard to claims that are similar but not identical to those presented to the state courts." 1 J. Liebman, Federal Habeas Corpus Practice and Procedure 53 (1988).
 
 
 26
 Based on the record in this case, the Court concludes that Cochran has properly exhausted the issue of whether his life sentence violates the Eighth Amendment to the Constitution because the statute under which he was sentenced provided no guidelines to aid the jury in determining whether to impose a sentence of 15 to 25 years or life imprisonment. This is particularly so given that petitioner's trial counsel specifically referenced Furman v. Georgia, 408 U.S. 238 (1972), in objecting to the jury instructions, and that in affirming the petitioner's conviction the Indiana Supreme Court cited Wilson v. State, 374 N.E.2d 45 (Ind.1978), which involved Eighth Amendment Furman issues.
 
 C. Eighth Amendment Analysis
 
 27
 Turning then to the merits of Cochran's claim, the issue is whether the Eighth Amendment's prohibition against cruel and unusual punishment is violated in allowing Cochran to be sentenced to life imprisonment for second degree murder under a statute that provided the jury with no guidelines to determine the appropriate sentence.
 
 
 28
 The point of departure is Hutto v. Davis, 454 U.S. 370 (1982) (per curiam ). As noted in Hutto, the Supreme Court never has held a sentence for a term of years, by itself, to be cruel and unusual punishment. Id. at 372. See also Peeples v. Geer, 566 F.Supp. 580, 591 (C.D.Ill.1983), aff'd, 739 F.2d 262 (7th Cir.1984) (holding that an extended term of years within statutory limits is not cruel and unusual punishment). Thus, something more is needed to establish a constitutional violation.
 
 
 29
 In an attempt to make this supplementary showing, Cochran argues, "A sentencing scheme which gives a jury unfettered discretion to choose between two alternative punishments without any objective criteria to guide them, invites wanton and freakish imposition of punishment in violation of the Eighth Amendment." (Brief in Supp. at 9). This argument seemingly has as its foundation such cases as Furman v. Georgia, 408 U.S. 238 (1972), Godfrey v. Georgia, 446 U.S. 420 (1980), and Gardner v. Florida, 430 U.S. 349 (1977).
 
 
 30
 In Furman, the Supreme Court vacated the death sentences of three defendants, though it is difficult to extrapolate too much from the plurality's holding given that the justices espoused extremely divergent reasons in their opinions. Justices Marshall and Brennan concluded that the Eighth Amendment prohibits capital punishment for all crimes under all circumstances. Justice Douglas also voted to vacate the judgments of death, holding that the death penalty, at least under the circumstances presented, violated the Eighth and Fourteenth Amendments. Arguably Justice Douglas did not go so far as to hold the death penalty improper under all circumstances. Justices Stewart and White held only that the sentences must be set aside because the sentencing practices in the particular cases violated the Eighth Amendment.
 
 
 31
 In Godfrey v. Georgia, 446 U.S. 420 (1980), a Supreme Court plurality held a state statute unconstitutional that permitted the imposition of the death penalty if the jury found that the offense "was outrageously wanton or vile, horrible or inhuman, in that it involved torture, depravity of mind, or an aggravated battery to the victim." The Court held that the statute was unconstitutionally vague as applied to the petitioner in that it allowed the arbitrary and capricious imposition of the death penalty. Finally, in Gardner v. Florida, 430 U.S. 349, 358 (1977), the Supreme Court held that the sentencing process must satisfy the requirements of the Due Process Clause.
 
 
 32
 Cochran's reliance on Furman, Godfrey, and Gardner is misplaced, in that these are death penalty cases, and "death is a different kind of punishment from any other which may be imposed in this country." Gardner, 430 U.S. at 357. In this regard, the petitioner acknowledges, as he must, that the Supreme Court never has held that all standardless jury-imposed sentences should be subjected to the same Eighth Amendment analysis as were the death sentences in Furman. Thus, the petitioner cites Gardner for the proposition that due process extends to sentencing. No doubt it does.[6] However, the petitioner's habeas claim is limited only to issues of cruel and unusual punishment under the Eighth Amendment, and does not encompass a Fourteenth Amendment due process claim.[7]
 
 
 33
 Given these limitations, the Court cannot accept the petitioner's premise that the claimed "wanton and freakish" results caused by the failure to provide the jury with guidance on sentencing options under the former second degree murder statute violated the Eighth Amendment. This is because Cochran "has no substantive right to a particular sentence within the range authorized by statute...." Gardner, 430 U.S. at 358. As the Supreme Court stated in Hutto, there is no clear way to make "any constitutional distinction between one term of years and a shorter or longer term of years." Hutto, 454 U.S. at 373. See also Peeples v. Geer, 566 F.Supp. 580, 591 (C.D.Ill.1983), aff'd, 739 F.2d 262 (7th Cir.1984) (holding that an extended term of years within statutory limits is not cruel and unusual punishment). Therefore, Cochran's petition for habeas corpus must be denied.
 
 D. Conclusion
 
 34
 Neither Cochran's delay in bringing this action nor exhaustion requirements prevent the Court from reviewing the Eighth Amendment issue raised in this habeas corpus petition. However, upon consideration of the merits, the Court finds the Eighth Amendment's prohibition against cruel and unusual punishment was not violated in allowing Cochran to be sentenced to life imprisonment. Accordingly, for the reasons set forth, the petition for habeas corpus is denied, and this cause is dismissed with prejudice. IT IS SO ORDERED this 31st day of July, 1991.
 
 Distribution to:
 Larry A. Landis
 ATTORNEY AT LAW
 SUITE 1444
 
 35
 115 N. PENNSYLVANIA ST.
 
 INDIANAPOLIS, IN 46204
 David A. Nowak
 DEPUTY ATTNY GENERAL
 219 STATE HOUSE
 INDIANAPOLIS, IN 46204
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The Court finds this matter is ready for resolution without the need for an evidentiary hearing, based upon review of the habeas petition, and supporting brief prepared for the petitioner by court-appointed counsel, and the respondent's response and return
 
 
 [2]
 Cochran also purports to make a Fourteenth Amendment claim. However, as discussed herein, the Fourteenth Amendment is triggered in this action only to the extent that it applies the Eighth Amendment's prohibition against cruel and unusual punishment to the states
 
 
 [3]
 The statute, Ind.Code § 35-1-54-1, repealed in 1977, stated, "Whoever, purposefully and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and on conviction, shall be imprisoned in the state prison during life, or shall be imprisoned in the state prison not less than fifteen (15) nor more than twenty-five (25) years." At the time of conviction, the jury was required to state in the verdict the amount of fine and the punishment to be inflicted. Ind.Code 35-8-2-1 (also repealed in 1977)
 
 
 [4]
 This was the date when Cochran was allowed to proceed in forma pauperis
 
 
 [5]
 Cochran's PCR petition is irrelevant in this respect because that petition raised only the issue of ineffective assistance of counsel
 
 
 [6]
 As the Court stated in Gardner, "The defendant has a legitimate interest in the character of the procedure which leads to the imposition of the sentence even if he may have no right to object to a particular result of the sentencing process." Gardner, 430 U.S. at 358
 
 
 [7]
 Nothing in the record suggests that Cochran has properly exhausted a Fourteenth Amendment claim. Similarly, the petitioner's attempt to assert a proportionality argument based upon Solom v. Helm, 463 U.S. 277 (1983), also is misplaced. In any event, successful challenges to the proportionality of particular sentences are exceedingly rare. Rummel v. Estelle, 445 U.S. 263, 272 (1980)