53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Hector L. ROSA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2104.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.*
Decided April 24, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Hector L. Rosa, a former federal prisoner, appeals from the denial of his motion brought under 28 U.S.C. Sec. 2255.[2] We affirm.
 
 
 2
 Rosa argues that the district court deprived him of due process when it relied on inaccurate information in the presentence report in determining the amount of drugs attributable to him for sentencing purposes.[3] The district court addressed the merits of Rosa's argument without considering a procedural default. Rosa did not raise the due process challenge either at sentencing (Tr.Vol. 13), or on direct appeal of his conviction, United States v. Rosa, 946 F.2d 505 (7th Cir.1991), so it is waived unless Rosa can show cause for the procedural default and resulting prejudice. United States v. Frady, 456 U.S. 152, 167-68 (1982); Degaglia v. United States, 7 F.3d 609, 612 (7th Cir.1993); Norris v. United States, 687 F.2d 899, 903 (7th Cir.1982). In his reply brief, Rosa argues, albeit belatedly, that trial counsel's "conflict of interest" supplies the requisite cause to excuse the procedural default. (Reply Br. 13-14). See Strickland v. Washington, 466 U.S. 668, 687-88 & 692-93 (1984); Cuyler v. Sullivan, 446 U.S. 335, 345-50 (1980); Barnhill v. Flannigan, 42 F.3d 1074, 1077-78 (7th Cir.1994). However, no conflict has been shown on the basis of Rosa's conclusory allegations. The denial of collateral relief is therefore
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted on the briefs and record
 
 
 [2]
 Rosa, who was convicted of conspiring to distribute drugs and using a telephone to facilitate their distribution in violation of 21 U.S.C. Secs. 843(b) and 846, has served his 63-month prison term and is presently on supervised release. This case, however, is not rendered moot by the completion of Rosa's term of imprisonment, as a favorable decision on appeal could affect the duration of his three-year term of supervised release. E.g. United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir.1994)
 
 
 [3]
 Specifically, Rosa contends that his base offense level was incorrectly determined because the district court attributed 500 grams of cocaine to him instead of 250 grams